UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. CR613-004 |
| ) | |
| DWAN SCOTT ) | |

## ORDER

Well over a year after her sentence became final, *see* doc. 104 (judgment), and following *no* appeal (probably because she waived that right by signing her plea agreement, *see* doc. 105 at 6-7), Dwan Scott moves for free copies of "transcripts of proceedings" in her case. Doc. 150 at 1. Presumably, she wants the transcripts to prepare a collateral attack on her conviction.

"'[I]ndigent prisoners seeking postconviction collateral relief do not have an automatic right to free copies of court transcripts and documents. Criminal defendants have an absolute right to a trial transcript for direct appeals, but, if they are seeking postconviction collateral relief, they must first demonstrate a nonfrivolous claim. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).'" *United States v. Heyward*, 2008 WL 5189725 at * 1 (S.D. Ga. Dec. 10,

2008) (quoting *Nortonsen v. Larimer Cnty. Dist. Court*, 178 F. App'x 783, 783 (10th Cir. 2006)); *see also* 28 U.S.C. § 753(b).[1] Indeed, "a request by a prisoner for access to the court files of h[er] underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction." *Pope v. Adams*, 2015 WL 4394286 at * 2 (N.D. Ala. July 16, 2015) (quoting *Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992)); *see also United States v. Mitchell*, 2008 WL 824226 at * 1 (M.D. Fla. Mar. 26, 2008) (same). Prisoners are "entitled to access . . . court files only after [they] ha[ve] made a showing that such files are necessary to the resolution of an issue or issues . . . presented in a non-frivolous

---

[1] That provision states:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753(f).

*pending* collateral proceeding." *Pope*, 2015 WL 4394286 at * 2 (emphasis in original).

Scott's motion lacks any mention of why she wants the transcripts, much less makes a meritorious claim. Even if it did, no post-conviction attack on her conviction or sentence is pending before the Court. *See Pope*, 2015 WL 4394286 at * 2 (denying transcript request "for the purpose of *preparing* a collateral attack"). The motion therefore fails and is **DENIED**.

**SO ORDERED** this 2nd day of September, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**